**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ANTONIO LUZARDO, :
:
       Plaintiff, : Civil Action No. 08-1698 (JBS)
:
  v. :
: **O P I N I O N**
BATISTE, Counselor, et al., :
:
       Defendants. :
_____ :

**APPEARANCES**:

    Antonio Luzardo, Pro Se
    F.C.I. Fort Dix
    #22433-050
    P.O. Box 2000, Unit 5703
    Fort Dix, New Jersey  08640

**SIMANDLE, District Judge**

    Plaintiff, Antonio Luzardo, currently confined at the Federal Correctional Institution ("F.C.I.") in Fort Dix, New Jersey, brings this action alleging that the Inmate Financial Responsibility Program ("IFRP") violates his civil rights.  He asks to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

    Having reviewed the complaint to identify cognizable claims as required under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that Plaintiff's claim should be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## BACKGROUND

The following factual allegations are taken from the Complaint and attachments thereto.

In June of 2000, Plaintiff was sentenced to 240 months imprisonment in federal prison. In his judgment and commitment order, he was ordered to participate in the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP").

Plaintiff was housed at the Federal Correctional Institution ("FCI") in Fairton, New Jersey. In September of 2001, he was transferred to the FCI in Fort Dix, New Jersey. In October of 2007, Plaintiff agreed to make a $60.00 per month payment to the IFRP. Plaintiff attaches to his Complaint a copy of the $60.00 per month contract. However, on December 18, 2007, he was told by defendant counselor Batiste and defendant case manager Rodriguez that he had to sign a new Inmate Financial Responsibility Program ("IFRP") contract of $300.00 per month.

Plaintiff refused to sign the new contract, and as a result, was moved from his two person cell to a 12-man room. He was placed on refusal status for failure to participate with the IFRP, his commissary purchases were restricted, and his work pay was lowered to the minimum payment.

Two days later, Plaintiff went to see Batiste and told him he could not make the $300.00 per month payment. Batiste told him that he should pay an IFRP payment of $250.00 for one month,

and that once the $250.00 was collected, Batiste would guarantee that he be assigned back to his two-man room. Then Plaintiff would make a $100.00 payment monthly. Plaintiff agreed to the arrangement. In support of his statements, Plaintiff attaches to his Complaint an IFRP contract stating that in January of 2008, Plaintiff would pay $250.00. He also attaches an IFRP contract indicating that starting February of 2008, he would pay $100.00 per month. Plaintiff's inmate account statement attached to his Complaint shows that Plaintiff made the $250.00 payment to the IFRP on January 10, 2008.

In January, Plaintiff inquired of Batiste regarding his being moved back to the two-man room. Batiste told him that he could not arrange that, but that he could provide him with a three-man room. Plaintiff objected, Batiste told him to "fight it if he didn't like it."

Plaintiff filed a "copout" to the unit manager, defendant Schaff, complaining about Batiste, and asked that his work pay, living quarters, commissary spending be restored. He further sought relief through administrative remedies to no avail.

Plaintiff states that he has been extorted, humiliated, and abused. He asks that the defendants be ordered to return all unlawful IFRP payments to his inmate account, compensate him for his lower pay, place him back in the two-man room, expunge any

incident reports filed while he was in the new housing unit, and that he be awarded monetary relief from each defendant.

## DISCUSSION

**A.   Jurisdiction**

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  See Bivens, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979), and the

4

Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980).  To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights.  See Malesko, 534 U.S. at 66.

**B.    Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.

5

Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**C.   Plaintiff's Claims Will Be Dismissed.**

The IFRP is codified at Title 28 of the Code of Federal Regulations, Section 545.10 and 545.11. A review of the relevant code provisions indicates that Plaintiff has not indicated facts alleging that defendants violated Plaintiff's rights.

To begin, the IFRP has been held "unquestionably constitutional." See Duronio v. Gonzales, 2008 WL 768726 at *2 (W.D. Pa. Mar. 20, 2008)(Slip Copy)(citing James v. Quinlan, 866 F.2d 627 (3d Cir. 1989))(other citations omitted).

Next, Plaintiff's $10,000 fine, as assessed in his judgment and commitment order in his criminal case, was ordered to be paid

in full immediately.  As mentioned, Plaintiff was also ordered to participate in the IFRP.  Section 545.11 states that fines and court costs are obligations to be paid pursuant to the inmate's IFRP "financial plan."  See 28 C.F.R. § 545.11(a) ("The financial plan shall be documented and will include the following obligations, . . . (3) Fines and court costs . . . .").

With regard to the calculation of the payment for the IFRP, the Code indicates that the minimum payment for non-UNICOR and UNICOR grade 5 inmates "will be $25.00 per quarter.  This minimum payment may exceed $25.00, taking into consideration the inmate's specific obligations, institution resources, and community resources."  See 28 C.F.R. § 545.11(b)(1).

Further, monthly assessments for inmates assigned grades 1 through 4 in UNICOR work assignments, is calculated as follows:

> Inmates assigned grades 1 through 4 in UNICOR ordinarily will be expected to allot not less than 50% of their monthly pay to the payment process.  Any allotment which is less than the 50% minimum must be approved by the Unit Manager.  Allotments may also exceed the 50% minimum after considering the individual's specific obligations and resources.

28 C.F.R. § 545.11(b)(2).  In this case, Plaintiff's inmate account deposit report indicates that from August 9, 2007 until January 10, 2008, Plaintiff received payroll of between $16 and $20.00 monthly.  However, between August 2007 and January 2008, Plaintiff also received between $200.00 to $480.00 per month from outside sources via Western Union.  While it is unclear as to

7

whether Plaintiff falls under § 545.11(b)(1) or (b)(2), under either section, it is quite proper for Defendants to consider Plaintiff's outside resources in the calculation. This Court also notes that according to Plaintiff, he was not required to make the $300.00 per month payment; rather his current contract appears to be for an obligation of $100.00 per month.

Section 545.11 also provides for effects of non-participation in the IFRP. Refusal to participate shall result in the following, in pertinent part:

> (3) The inmate will not receive performance pay above the maintenance pay level . . . ;
> (6) The inmate shall be subject to a monthly commissary spending limitation . . . ;
> (7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.) . . . .

See 28 C.F.R. § 545.11(d). The unit staff apparently invoked these provisions against Plaintiff when he refused to participate.

Further, this Court notes that pursuant to the Court of Appeals for the Third Circuit's decision in James v. Quinlan, 866 F.2d 627 (3d Cir. 1989), which concerns a constitutional challenge to the IFRP, inmates have no liberty interest or property interest in federal prison job assignments. See James at 630. However, even if inmates did have a constitutional right to job assignments, those rights may be impinged by a prison regulation if it is rationally related to legitimate penological interests; the IFRP is "reasonably related to a legitimate

8

penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility." Id. (citing Turner v. Safley, 482 U.S. 78 (1987)).

Therefore, based on the foregoing, Plaintiff has not alleged facts indicating any wrongdoing by defendants and has not alleged facts indicating a reasonable expectation that discovery would reveal evidence of his claims, and has failed to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons set forth above, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  An appropriate Order accompanies this Opinion.


                                    s/ Jerome B. Simandle
                                    JEROME B. SIMANDLE
                                    United States District Judge

DATED: **May 29, 2008**